# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENDA WILSON,

    Plaintiff(s),

v.

EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*,

    Defendant(s).

Case No.: 2:19-cv-00055-RFB-NJK

**Order**

(Docket Nos. 54, 55)

Pending before the Court are Plaintiff's motions for leave to file surreplies to Defendant Experian's reply in support of motion to stay discovery and reply in support of motion for protective order. Docket Nos. 54, 55; *see also* Docket Nos. 52, 53.

"A party is generally prohibited from raising new issues for the first time in its reply brief" because the opposing party is not afforded an opportunity to respond. *Queensridge Towers LLC v. Allianz Global Risk US Ins. Co.*, 2015 WL 1403479 at *3 (D. Nev. Mar. 26, 2015) (citing *Eberle v. City of Anahiem*, 901 F.2d 814, 818 (9th Cir. 1990)). Therefore,"[w]here the moving party presents new matters for the first time in a reply brief, the Court may either refuse to consider the new matters or allow the opposing party an opportunity to respond." *Steven Cohen Prods. Ltd. v. Lucky Star, Inc*., 2015 WL 3555384 at *3 (D. Nev. June 5, 2015) (citing *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)). The Local Rules permit the filing of a surreply only with leave of court. Local Rule 7-2(b). Further, a surreply may "only address new matters raised in a reply to

which a party would otherwise be unable to respond." *Steven Cohen Prods. Ltd.*, 2015 WL 3555384 at *3.

Here, Plaintiff submits that Defendant's replies seeks to supplement its arguments with new authority, specifically four new cases, found nowhere in its motion to stay. Docket No. 54 at 1-2. In response, Defendant submits that Plaintiff's motions are devoid of any supporting authority. Docket Nos. 57 at 2, 58 at 2. Defendant submits that a moving party is permitted to cite new authorities in its reply brief in response to arguments made in the opposition brief. Docket Nos. 57 at 2, 58 at 2. Defendant further submits that it does not raise any "new arguments" in its replies; rather, the new authorities relate to arguments in the motion to stay or respond to Plaintiff's arguments in her response. Docket Nos. 57 at 3, 58 at 3. In reply, Plaintiff submits, without authority or elaboration, that depriving a litigant of the opportunity to respond to new authority is prejudicial as a matter of course. Docket No. 59 at 2.

The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. Local Rule 7-2 (d). Accordingly, the Court hereby **DENIES** Plaintiff's motions for leave to file surreplies. Docket Nos. 54, 55.

IT IS SO ORDERED.

Dated: May 9, 2019

NANCY J. KOPPE
United States Magistrate Judge