1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

10

BRENDA WILSON,

     Plaintiff(s),

11

v.

12

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.,

13

14

     Defendant(s).

15

Case No.: 2:19-cv-00055-RFB-NJK

**Order**

[Docket Nos. 37, 38]

16      Pending before the Court is Defendant Experian Information Solution's motion to stay
17 discovery pending resolution of its motion to dismiss. Docket No. 37. The Court has considered
18 Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 37, 43, 52. Also
19 pending before the Court is Defendant's motion for a protective order. Docket No. 38. The Court
20 has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 38,
21 44, 53. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

22     **I.**     **Background**

23      Plaintiff brought this action on January 9, 2019, and filed an amended complaint on March
24 18, 2019. Docket Nos. 1, 26. Plaintiff alleges numerous violations of the Fair Credit Reporting
25 Act ("FRCA") and the Nevada Revised Statues concerning her credit information and her Chapter
26 7 bankruptcy filing. Docket No. 26 at 13-32. Specifically, Plaintiff alleges that Defendant
27 Experian violated Section 1681 of the FCRA as well as NRS Section 598 in (1) misreporting credit

28

1

1 information; (2) misreporting bankruptcy inclusion dates; and (3) supressing positive data leading
2 to the production of an incomplete report. *Id*.

3 **II.    Analysis**

4      The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of*
5 *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide
6 for automatic or blanket stays of discovery when a potentially dispositive motion is pending."
7 *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed
8 absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda*
9 *Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests
10 to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2)
11 the potentially dispositive motion can be decided without additional discovery; and (3) the Court
12 has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced
13 that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*,
14 294 F.R.D. 579, 581 (D. Nev. 2013); *see also Tradebay*, 278 F.R.D. at 603.

15      *I.      Potentially Dispositive Motion*

16      Defendant submits that its pending motion to dismiss potentially disposes of all of
17 Plaintiff's claims. Docket No. 37 at 6. In response, Plaintiff concedes that Defendant's motion to
18 dismiss relates to all of her pending claims. Docket No. 43 at 8.

19      Accordingly, the Court finds that Defendant's motion to dismiss is potentially dispositive
20 of the instant case.

21      *II.     Need for Additional Discovery*

22      Defendant submits that its pending motion to dismiss does not require any discovery to be
23 resolved. Docket No. 37 at 11. Defendant submits that its motion to dismiss argues that Plaintiff
24 fails to satisfy the elements of her claims because she (1) fails to allege any actionable inaccuracy
25 in her disclosure; (2) fails to allege that any purportedly inaccurate information was every included
26 in a consumer report sent to a third party; (3) fails to allege that that Defendant's reinvestigation
27 was unreasonable, or that she provided a statement of dispute after receiving the reinvestigation
28 results; and (4) fails to allege that Defendant's disclosures did not permit her to evaluate the

accuracy of her credit information that is furnished to third parties in credit reports. *Id*. at 6-14. Defendant further submits that Plaintiff lacks an injury sufficient to confer Article III standing to bring those claims. *Id*. at 4. Defendant submits, therefore, that discovery is unnecessary to resolve its motion to dismiss. *Id*. at 6.

In response, Plaintiff submits that discovery is required on her claims. Docket No. 43 at 8.[1] Plaintiff submits that the nuances of Defendant's reinvestigation of her disputes are unknown, but that this evidence is routinely explored in discovery and requires Defendant to turn over information. *Id*. Plaintiff further submits that discovery is necessary because Defendant has been concealing additional, critical policy documents for years and that those documents and depositions will provide explanations for Defendant's actions in reinvestigating Plaintiff's disputes. *Id*. at 9. Plaintiff submits that discovery is relevant to her disclosure and reinvestigation claims, especially on credit information and credit scoring. *Id*. at 9-11.

In reply, Defendant submits that discovery is neither necessary nor appropriate to resolve the motion to dismiss. Docket No. 52 at 4. Defendant submits that a stay of discovery is appropriate here because Plaintiff fails to allege any injury sufficient for Article III standing and fails to plead her claims as a matter of law. *Id*. at 3-4. Defendant further submits that, while Plaintiff insists on discovery to support her claims, the question before the court is whether discovery is necessary to resolve the pending motion to dismiss. *Id*. at 5-6.

The Court has reviewed all briefing on Defendant's motion to dismiss. The Court finds that, while discovery is necessary to resolve the claims themselves, it is not necessary to resolve Defendant's motion to dismiss.

### III. *Preliminary Peek*

Finally, the Court has taken a "preliminary peek" at the briefing on Defendant's motion to dismiss.[2] Docket Nos. 34, 39, 48. Having done so, the Court is convinced that Plaintiff will be unable to state a claim for relief. *See Tradebay*, 278 F.R.D. at 603.

---

[1] The pagination on the briefing of Docket No. 43 does not match the pagination assigned by CM/ECF. The Court cites herein to the pagination provided by CM/ECF.

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its

### III.    Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to stay discovery.  Docket No. 37. Discovery between Plaintiff and Defendant Experian is stayed pending the resolution of Defendant Experian's motion to dismiss.  In the event resolution of the motion to dismiss does not result in the termination of this case, the parties shall file a joint proposed discovery plan and scheduling order within seven days of the issuance of the order resolving that motion.  In light of the above, the Court **DENIES** Defendant's motion for a protective order as moot.  Docket No. 38.

IT IS SO ORDERED.

Dated: May 22, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

merits. *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudge its outcome.  *See id.*  As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.