1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   Wilson,                                          Case No. 2:19-cv-00055-RFB-NJK
8                              Plaintiff,                           ORDER
9        v.
10   Equifax Information Services, LLC et al,
11                              Defendants.
12

13   **I.      INTRODUCTION**

14       Before the Court is Defendant Experian Information Solutions, Inc.'s Motion to Dismiss.

15   ECF No. 34.

16

17   **II.     PROCEDURAL BACKGROUND**

18       Plaintiff filed the initial complaint in this matter on January 9, 2019,  alleging violations of

19   the Fair Credit Reporting Act ("FCRA") and the Nevada state law equivalent against Equifax

20   Information Services, LLC, Chase Mortgage, FMC-Omaha, Experian Information Solutions, LLC,

21   and Trans Union, LLC. ECF No. 1.  Plaintiff filed a First Amended Complaint on March 18, 2019.

22   ECF No. 26. Defendant Chase Mortgage was voluntarily dismissed on March 25, 2019, ECF No.

23   29, and Defendant FMC-Omaha was voluntarily dismissed on April 2, 2019, ECF No. 36.

24       The instant motion was filed on April 1, 2019. ECF No. 34. Plaintiff responded on April

25   15, 2019, ECF No. 39, and Defendant replied on April 22, 2019, ECF No. 48. The Court granted

26   Plaintiff leave to file supplemental authority on March 9, 2020. ECF No. 71.

27       Discovery was stayed pending resolution of the instant motion on May 22, 2019. ECF No.

28   61.

1    Plaintiff voluntarily dismissed Trans Union, LLC on June 24, 2019, ECF No. 63, and

2    Equifax Information Services, LLC on July 8, 2019, ECF No. 66.

3    **III.    FACTUAL BACKGROUND**

4    The following facts are as alleged in the complaint.

5    On or about April 25, 2016, Plaintiff filed for Chapter 7 Bankruptcy, and Plaintiff's debts

6    were discharged through the Bankruptcy on August 3, 2016.

7    The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2")

8    reporting standards to assist furnishers with their compliance requirements under the FCRA. The

9    Metro 2 format guidelines provide specific instruction for properly reporting a secured debt for

10   which a consumer completes the required payments through a Chapter 7 bankruptcy, but continues

11   making payments on the account because it is still open following the bankruptcy, which requires

12   that the reporting remove any suppression codes associated with bankruptcy reporting "so that

13   ongoing payments made by the consumer can be reported." Defendant is a credit reporting agency

14   as defined by FCRA. Plaintiff asserts Defendant reported inaccurate information that did not

15   comply with the Metro 2 format, in violation of its duty to follow reasonable procedures to assure

16   maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report. This

17   information was misleading as well as inaccurate.

18   Specifically, Plaintiff alleges Defendant and Synchrony bank reported inaccurate

19   information in an Experian credit report dated May 30, 2017 as to two of Plaintiff's accounts

20   ("Synchrony Tire Tradeline" and "Synchrony Walmart Tradeline"). Plaintiff alleges that multiple

21   "charge-offs" were reported on these accounts during 2015 and 2016 when the charge-off for each

22   account should only have been reported once. A dispute letter was mailed on August 15, 2017

23   asking that the inaccurate information be removed, corrected, or deleted. Plaintiff alleges on

24   information and belief that Defendant notified Synchrony Bank of the dispute but in the alternative

25   alleges it did not.

26   On or about August 31, 2017, Plaintiff received a "reinvestigation" report from Experian

27   pursuant to its duties under 15 U.S.C. §§ 1681i and NRS 598C.160. Experian indicated that it had

28   received and responded to the dispute letter but explained to Plaintiff that she would have to "refer

2

to [her] credit report for update." Plaintiff alleges Defendant failed to conduct a reasonable reinvestigation as required because such an investigation would have revealed both of the accounts at issue could only be charged off once, not twice. Defendant's reporting did not change to reflect this.

The dispute letter also included a "statement of dispute" pursuant to 15 U.S.C. § 1681i(b). Specifically, Plaintiff requested that in the event Defendant failed to make the requested corrections identified in the dispute letter, Defendant include a statement on Plaintiff's credit report indicating the account is disputed. Defendant failed to do so.

Additionally, Plaintiff alleges Defendant inaccurately recorded Plaintiff's bankruptcy inclusion dates in its report and reinvestigation in violation of § 1681g(a)(1).

On or about June 6, 2017, Plaintiff obtained a consumer file from Experian which "suppressed" positive data being furnished from Chase on Partial Account No. 1809 ("Chase Tradeline"), thereby depriving Plaintiff of positive credit data that would have provided Plaintiff a true "fresh start" after filing for bankruptcy. Experian alternatively failed to report timely mortgage payments on the Property reported by Chase. This failure caused the second report to include materially misleading omissions, which created misperceptions about Plaintiff's timely monthly payments to Chase.

Specifically, Chase furnished positive credit data to Experian stating that Plaintiff's account was "current" with all ongoing monthly payment obligations from September 5, 2015 to September 19, 2017 and likely beyond, but Defendant failed to include this positive data in its second report and instead listed the account as included in the bankruptcy. This report was inaccurate and misleading.

A dispute letter was sent on October 6, 2017, pursuant to 15 U.S.C. §1681i(a)(2) and NRS 598C.160 notifying Defendant of the inaccurate information. Plaintiff included proof of the suppressed positive data, which was provided directly by Chase to Plaintiff in response to Plaintiff's request for information pursuant to 12 C.F.R. § 1024.36 (the "RFI Response") to Chase. On or about October 24, 2017, Plaintiff received notification from Experian through its reinvestigation that Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. §

1681i(a)(6) and NRS 598C.160.  However, Defendant and Chase failed to correct the reported data to include the Suppressed Positive Data in Chase's updated tradeline. Instead, Chase and Defendant rereported the same data as before. Accordingly, Defendant failed to conduct a reasonable investigation and reinvestigation as required by 15 U.S.C. §§ 1681i(a), 1681s-2(b), and NRS 598C.160, and wrongly continued suppressing complete and accurate information in connection with the second report.

As in Plaintiff's first dispute letter, Plaintiff's second dispute letter included a "statement of dispute" requesting that in the event Defendant failed to make the requested corrections identified, Defendant include a statement on Plaintiff's credit report indicating the account is disputed. Again, Defendant failed to do so.

Plaintiff alleges that as a result of Defendant's "willful" conduct, Plaintiff has been harmed, including damage to her creditworthiness. Plaintiff alleges a reasonable procedures claim pursuant to 15 U.S.C. § 1681e(b), a reasonable reinvestigation claim pursuant to § 1681i, and a file disclosure claim pursuant to § 1681g(a)(1). Plaintiff also brings a claim under NRS 598C.160 which is nearly identical to the FCRA.

## IV.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action...." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ). In other words, a claim will not be dismissed if it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## V.   DISCUSSION

Defendant argues Plaintiff has failed to plead inaccuracy as to all of her claims and has otherwise failed to state a claim for relief under the FRCRA, as well as willfulness or negligence.

### A.  The Fair Credit Reporting Act

"Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.' " Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.' " Id. (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

### a.  15 U.S.C. § 1681e(b)

Section 1681e(b) of the FCRA requires the consumer reporting agency to "follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USC § 1681e(b). Liability under 1681e(b) "is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 (9th Cir. 1995). To bring a 1681e claim, the "consumer must present evidence tending to show that a [CRA] prepared

a report containing inaccurate information." Id. The consumer must also "first make a prima facie showing of inaccurate reporting by the CRA." Shaw v. Experian Info. Sols., Inc., 891 F.3d 749, 756 (9th Cir. 2018) (internal citations omitted). Inaccurate for the purposes of FCRA means information that is either "patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Id. Once the consumer has made a prima facie showing of inaccuracy, he or she must next show that the consumer reporting agency failed to follow reasonable procedures to assure the maximum possible accuracy of the information. 15 U.S.C. § 1681e(b).

Defendant argues that Plaintiff has failed to state a reasonable procedures claim because she has failed to allege inaccurate reporting. Id. at 5-6. With regard to Plaintiff's claim that Defendant reported multiple charge-offs on two Synchrony accounts, Defendant asserts there is no case law to support Plaintiff's assertion that multiple reports of a charge-off constitutes an inaccuracy, and further, that Plaintiff cannot show how listing the charge-offs in successive months leads to adverse crediting decisions. Id. at 6-7. As to Plaintiff's claim that Defendant inaccurately reported her bankruptcy inclusion dates, Defendant asserts Plaintiff cannot show this adversely affected her credit decisions as required to prove inaccuracy, because she cannot show that the adverse decision would be attributed to the discrepancies in inclusion dates as opposed to the bankruptcy itself. Id. at 7-8. Further, Plaintiff cannot show that bankruptcy inclusion dates affect credit decisions or that Defendant includes them on consumer credit reports sent to third parties. Id. at 8. Defendant also argues Plaintiff's positive data claim fails because there is no obligation under the FCRA to report payment history for a discharged account on which the consumer continues to make payments to avoid seizure of the underlying property, and FCRA does not require credit reporting agencies to decide which debts are included in a bankruptcy file. Id. at 9.

Defendant additionally argues that Plaintiff has failed to plead a § 1681e(b) claim because that provision only applies to consumer reports, and the "reports" at issue here are actually consumer disclosures, because Plaintiff fails to allege they were provided to third parties. ECF No. 34 at 10-12. Defendant also argues these claims fail because they are "disguised" § 1681i reinvestigation claims and should be analyzed under that provision. Id. at 13-14. Further,

1    Defendant argues this claim fails because Plaintiff failed to allege that Defendant failed to follow

2    its reasonable procedures. Id. at 14.

3        Plaintiff counters that the information did appear on a consumer report because

4    reinvestigation reports must be sent in the form of a consumer report. ECF No. 39 at 9, 12-13.

5    Plaintiff asserts that § 1681a(d) broadly defines "consumer report," and the statute does not limit

6    that definition to reports sent to a third parties. Id. at 12-16.   Further, Plaintiff contends that

7    Defendant has testified in other cases that information on a disclosure sent in a reinvestigation

8    might be sent to a third party as a consumer report upon consumer request and may therefore

9    include bankruptcy inclusion language. Id. at 9-11. Plaintiff also counters that she adequately

10   alleged a reasonable procedures violation because she pled detailed allegations as to how

11   Experian's failure to reinvestigate her dispute constituted a Section 1681e(b) failure. Id. at 17.

12       As an initial matter, the Court recently noted in its decision in Calvillo v. Experian Info.

13   Sols., Inc., a case also involving Experian which considered facts similar to those at issue here,

14   that "Experian incorrectly implies that a consumer must show that the information would be

15   transmitted to a third party in order to make out a section 1681e(b) claim." No.

16   219CV00277RFBNJK, 2020 WL 1549574, at *3 (D. Nev. Apr. 1, 2020). "The Ninth Circuit has

17   explicitly held that proof of transmission to a third party is not a prerequisite for making a 1681e(b)

18   claim." Id. (citing Guimond, 45 F.3d at 1333). The Court further disposed of Experian's argument

19   that Plaintiff's § 1681b claim was a "disguised" § 1681i claim, holding that "the Ninth Circuit has

20   never held that a reporting inaccuracy cannot support both a § 1681e(b) claim and a § 1681i claim."

21   Id.  That holding as well as many of the Court's conclusions in Calvillo are dispositive as to the

22   instant motion, and the Court therefore incorporates its reasoning and conclusions.

23       The Court finds that Plaintiff has adequately pled a § 1681b claim. Plaintiff alleges

24   inaccuracies in the form of multiple charge-offs, the exclusion of positive data, and inaccurate

25   bankruptcy inclusion dates. Plaintiff alleges these inaccuracies are misleading in such a way and

26   to such an extent that they can be expected to adversely affect her creditworthiness because

27   payment history and the inclusion of a bankruptcy are factored into credit scoring models.  These

28   allegations are sufficient to satisfy Plaintiff's initial burden of alleging inaccuracy. See also

7

1   <u>Calvillo</u>, 219CV00277RFBNJK, 2020 WL 1549574, at *3 (D. Nev. Apr. 1, 2020) (citing <u>Shaw</u>,

2   891 F.3d at 757)  ("Incomplete information, even if accurate, may nevertheless be misleading.").

3   Plaintiff has also adequately pled that Defendant failed to follow reasonable procedures to assure

4   the maximum possible accuracy by alleging that Defendant re-reported inaccurate information,

5   and upon information and belief, failed to comply with its own internal policy regarding

6   bankruptcy disputes.

7

8                   **A.  15 U.S.C. § 1681i and NRS 598C.160**

9          In relation to the duties of CRAs in the event a consumer disputes reported information as

10  inaccurate, Section 1681i provides:

11

12         [I]f the completeness or accuracy of any item of information contained in a
           consumer's file at a [CRA] is disputed by the consumer and the consumer notifies
13         the [CRA] directly, or indirectly through a reseller, of such dispute, the [CRA] shall,
           free of charge, conduct a reasonable reinvestigation to determine whether the
14         disputed information is inaccurate and record the current status of the disputed
           information, or delete the item from the file in accordance with [the FCRA], before
15         the end of the 30-day period beginning on the date on which the agency receives
           the notice of the dispute from the consumer or reseller.
16

17  15 U.S.C. § 1681i(a)(1)(A). Thus, the CRA must conduct a reinvestigation of information provided

18  by furnishers or creditors within thirty days of receiving notice of the consumer dispute. <u>Id.</u>

19         Additionally, Section 1681i mandates that the CRA provide notice of its decision on an

20  investigation in one of two ways. First, Section 1681i provides:

21

22         Upon making any determination in accordance with subparagraph (A) that a dispute
           is frivolous or irrelevant, a consumer reporting agency shall notify the consumer of
23         such determination not later than 5 business days after making such determination,
           by mail or, if authorized by the consumer for that purpose, by any other means
24         available to the agency.

25

26  15 U.S.C. § 1681i(a)(3)(B). Alternatively, Section 1681i provides:

27

28         A consumer reporting agency shall provide written notice to a consumer of the

                                        8

results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

15 U.S.C. § 1681i(a)(6)(A). A CRA therefore must provide either a notice that the dispute was frivolous or irrelevant within five days of such a determination or a notice of the reinvestigation results within five days of the conclusion of the reinvestigation.

"Although the FCRA's reinvestigation provision ... does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including [the Ninth Circuit Court of Appeals], have imposed such a requirement." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010). Thus, a plaintiff "must make a prima facie showing of inaccurate reporting" to file suit under Section 1681i. Id. (citing Dennis v. BEH-1, LLC, 520 F.3d 1066, 1069 (9th Cir. 2008)).

Section 1681i(b) states that if a reinvestigation does not resolve the dispute, "the consumer may file a brief statement setting forth the nature of the dispute," and § 1681i(c) requires that, unless there are reasonable grounds to believe the statement of dispute is frivolous or irrelevant, the CRA note in subsequent consumer reports that the information is disputed by the consumer, and provide the consumer's statement of dispute or "a clear and accurate codification or summary thereof."

Nevada Revised Statutes 598C.160 is nearly identical to the language in § 1681i and imposes the same obligations regarding a statement of dispute and reinvestigation.

Defendant argues Plaintiff's reinvestigation claims fail because she failed to allege an inaccuracy and because she does not allege what was unreasonable about Defendant's reinvestigations or why it would be unreasonable for Defendant to rely on information provided by furnishers to conduct its reinvestigation. ECF No. 34 at 14-16. Defendant also argues Plaintiff has failed to plead a prima facie case for a § 1681i(c) violation because she did not allege that she provided a statement of dispute after she received reinvestigation results as required, or that a creditor accessed her credit report after the reinvestigation. ECF No. 34 at 16-17.

Plaintiff counters that she adequately alleged a prima facie § 1681i claim and that "because

9

1    the FCRA provides for money damages in lieu of actual damages in case of willful violations,

2    [she] need not prove damages and causation to maintain a Section 1681i cause of action." ECF

3    No. 39 at 17.

4    　　The Court has already held *supra* that Plaintiff has adequately pled inaccuracy. The Court

5    further finds that Plaintiff has adequately pled a § 1681i claim by pleading in the alternative that

6    Defendant failed to notify Synchrony of Plaintiff's dispute regarding the multiple charge-offs, by

7    failing to correct inaccurate information as a result of reinvestigations regarding the suppression

8    of positive payment history data and the multiple charge offs, upon information and belief failed

9    to contain Plaintiff's statement of disputes in subsequent consumer reports, and failing to review

10   all relevant information provided by Plaintiff.

11   **B.  15 U.S.C. § 1681g and NRS 598C.130**

12   　　Section 1681g requires in part that "every consumer reporting agency shall, upon request

13   ... clearly and accurately disclose to the consumer ... all information in the consumer's file at the

14   time of the request...." 15 U.S.C. § 1681g(a)(1). A "consumer's file includes 'all information on

15   the consumer that is recorded and retained by a [consumer reporting agency] that might be

16   furnished, or has been furnished, in a consumer report on that customer." <u>Shaw</u>, 891 F.3d at 759

17   (internal citations omitted). When considering whether a party has violated 1681g, the operative

18   consideration is whether "the disclosure is understandable to the average consumer," and whether

19   the information provided to the consumer was in a form that was both "clear and accurate." <u>Id.</u>

20   Consumers request disclosures pursuant to section 1681g in order to compare the information in

21   the credit file with their own personal information. <u>Id.</u> at 760 (citing <u>Gillespie v. Equifax Info.</u>

22   <u>Servs., LLC</u>,484 F.3d 938, 941 (7th Cir. 2007)) ("The disclosure must be made in a manner

23   sufficient to allow the consumer to compare the disclosed information from the credit file against

24   the consumer's personal information in order to allow the consumer to determine the accuracy of

25   the information set forth in her credit file.").

26   　　Defendant argues Plaintiff's § 1681g claim fails as to allegedly inaccurate bankruptcy

27   inclusion dates because she cannot allege this information was part of her file provided to third

28   parties or that she was confused by Defendant's reporting. ECF No. 34 at 18-19. Further, as to

Plaintiff's claim that Defendant failed to report positive payment information, this reporting was not inaccurate and even if it were, Plaintiff had the ability to dispute it and did so, and therefore does not have standing to assert her suppression claim because she has not suffered a cognizable injury. Id. at 19-20.

Plaintiff counters that the appropriate inquiry is not whether Plaintiff was subjectively confused but whether an average consumer would be confused by Defendant's reporting, as she has alleged. ECF No. 39 at 18.

The Court finds that Plaintiff has adequately pled a § 1681g claim. Plaintiff has alleged that Defendant failed to disclose all information in her consumer file by failing to include the positive payment data and that the inaccurate bankruptcy "inclusion" date on the Chase Tradeline had the tendency to confuse an ordinary consumer like Plaintiff, and created the impression that these tradelines had been "included" in bankruptcy on dates after the actual petition date. Regarding Plaintiff's confusion as to the inclusion dates, the Court has previously held that, "[t]he relevant consideration is not whether the consumer was subjectively misled or confused by the information contained in the file, but whether the information contained in the file is objectively inaccurate." Leoni v. Experian Info. Sols. Inc., No. 217CV01408RFBVCF, 2019 WL 4866118, at *4 (D. Nev. Sept. 26, 2019). Because the Court has already concluded that Plaintiff has alleged inaccuracy, both as to the bankruptcy inclusion dates and the suppressed positive data, Plaintiff has necessarily adequately pled a § 1681g claim.

### C.  Willfulness or Negligence

The FCRA provides for actual damages, punitive damages, and attorney's fees for willful violations of its statutory requirements. 15 U.S.C. § 1681n(a). If a plaintiff establishes a negligent violation of the statute, the FCRA provides for actual damages and attorney's fees. 15 U.S.C. § 1681o(a). "The term 'actual damages' has been interpreted to include recovery for emotional distress and humiliation.... [N]o case has held that a denial of credit is a prerequisite to recovery under the FCRA." Guimond, 45 F.3d at 1333 (citations omitted). "A plaintiff who alleges a 'bare procedural violation' of the FCRA, 'divorced from any concrete harm,' fails to satisfy Article III's

injury-in-fact requirement." Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016)).  The question of whether a consumer reporting agency's failure to reinvestigate was negligent is typically one for the jury, unless the court finds, accepting as true all facts the nonmovant asserts, that no rational jury could find that the CRA was not negligent. Dennis v. BEH-1, LLC, 520 F.3d 1066, 1070 (9th Cir. 2008) (finding "remand would be pointless" where the record showed that Experian overlooked a document that was easily accessible to the public).

To show willfulness and be granted statutory damages under the FCRA, a consumer must show that a defendant knowingly or recklessly violated the FCRA. Shaw, 891 F.3d, at 760. A court may find that a defendant has behaved recklessly when the defendant's "action both is 'a violation under a reasonable reading of the statute's terms' and 'shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" Id. (internal citations omitted). The court may find willfulness as a matter of law where the defendant "violates an unambiguous statutory requirement" and "that fact alone [is] sufficient to conclude that [the defendant's] violation is reckless, and therefore willful." Syed, 853 F.3d at 505 n.7 (examining a violation of Section 1681b(b)(2)(A)). "The FCRA does not impose strict liability, however—an agency can escape liability if it establishes that an inaccurate [credit] report was generated despite the agency's following reasonable procedures. The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." Guimond, 45 F.3d at 1333 (citation omitted).

Defendant argues Plaintiff's allegations that Defendant's conduct was "willful" and negligent are conclusory and Plaintiff has not alleged cognizable damages. ECF No. 34 at 20-24. Plaintiff counters she has adequately pled damages by pleading that Defendant's failure to properly reinvestigate her dispute damaged her creditworthiness and caused emotional distress, lost time, and transportation costs. ECF No. 39 at 19-20. Plaintiff further asserts that because Defendant "knows" what the law requires regarding information disclosed in a consumer report, Defendant's alleged failure to disclose the required information or to do so in a way that is not misleading indicates this failure is willful. Id. at 20. Plaintiff also adds that she has alleged a concrete injury

12

because § 1681g "serves the dual purpose of furthering accuracy and protecting consumer privacy, and the Ninth Circuit has already determined that a consumer's Article III standing for Section 1681e(b) purposes has been met by analogy to a consumer's reputational harms . . . ." <u>Id.</u> at 24. Regarding her § 1681i claim, she has adequately alleged injury because she detailed how the alleged inaccuracies correlated to specific Experian credit scores, and credit reports she attaches to the instant motion indicate third parties accessed her credit report. <u>Id.</u> at 24-25.

The Court agrees with Defendant that Plaintiff's allegations as to willfulness are conclusory and therefore that Plaintiff has failed to adequately plead willfulness. Therefore, the Court dismisses any requests for punitive damages without prejudice. Plaintiff will be permitted to seek discovery on this issue and move to amend for inclusion of punitive damages. The Court also finds that Plaintiff may have actual damages which she is entitled to prove as the case proceeds. The Court will grant Plaintiff leave to amend to add allegations sufficient to establish willfulness.

## VI.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (ECF No. 34) is DENIED in PART and GRANTED in PART. The Court dismisses Plaintiff's claim for punitive damages without prejudice and grants Plaintiff leave to amend. The motion is denied as to all remaining claims.

**IT IS FURTHER ORDERED** that the stay of discovery in this case is lifted. The parties shall submit a discovery schedule to the Court within fourteen (14) days of this order.

DATED May 27, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

13